**Michael Ned MATHIAS, Plaintiff,**

v.

**Bradley S. JACOBS, Defendant.**

**No. 99 Civ.2004(VM).**

United States District Court, S.D. New York.

Jan. 8, 2002.

Patrick M. Reilly, Delbello Donnellan Weingarten & Tartaglia, White Plains, NY, for Plaintiff.

Leslie A. Lupert, Orans, Elsen & Lupert, New York City, for Defendant.

### DECISION AND ORDER

MARRERO, District Judge.

On September 27, 2001, the Court issued a Decision and Order (hereinafter the "Decision") in the above-captioned matter granting plaintiff Michael Ned Mathias's (hereinafter "Mathias") motion for summary judgment as to the issue of liability. *See Mathias v. Jacobs,* 167 F.Supp.2d 606 (S.D.N.Y.2001). The Court outlined the factual background of the present dispute in the Decision, familiarity with which is presumed. The Decision also ordered the parties to submit a stipulation with regard to damages consistent with the liability findings in the Decision. In the event that the parties failed to reach an agreement on damages, the Court set a control date for a status conference to discuss the pending determination of damages. Unable to reach a stipulation, the parties appeared before the Court on October 26, 2001. At that conference, the Court instructed the parties to state their positions on the damages phase in the form of memoranda addressed to the Court.

The parties disagree not only on the quantum of damages, but also on the most

appropriate procedural mechanism for determining damages. Mathias contends that having prevailed on the issue of liability, damages may be determined by a simple arithmetic calculation of the value of Waste Management, Inc. (hereinafter "Waste Management") stock as of March 15, 1999, which would have been subject to exercise by Mathias in connection with the 1992 option contract at issue. This, Mathias believes, requires no more than an Order of this Court ruling as a matter of law on the appropriate measure of damages. Defendant Bradley S. Jacobs (hereinafter "Jacobs") counters that the simple calculation advanced by Mathias drastically oversimplifies fact-specific issues in this case which may ultimately reduce Mathias's claim to damages. According to Jacobs, a fair and equitable resolution of these fact-intensive issues requires a trial on damages. After reviewing the parties' memoranda and their views as expressed at the October 26 status conference, the Court is persuaded that substantial and material issues of fact may ultimately affect the calculation of damages in this case and, therefore, that a trial on damages will be necessary.

Jacobs asserts, *inter alia*, that three significant factual issues require a trial on damages: (1) that Mathias has admitted under oath that subsequent option contracts received in 1995 and 1997, as well as "Friends of Family" stock in United Rentals, Inc., operate as credits towards any obligation owed to him under the 1992 agreement; (2) that this Court's prior Decision on the unenforceability of the non-contact provision may require an apportionment or division of contract value for the purpose of determining damages; and (3) that undisclosed accounting fraud as of March 15, 1999, rendered the quoted market price of Waste Management stock inherently unreliable.

Notwithstanding the fact-intensive nature of these damages and valuation issues, Mathias contends that a trial is not necessary. Mathias responds that (1) the 1995 and 1997 option contracts cannot operate as credits because those contracts were granted to him in contemplation of future services to be rendered; (2) irrespective of the unenforceability of the non-contact provision, Mathias gave valuable consideration for which he may be compensated; and (3) there is no evidence that the market price for Waste Management stock was influenced by fraud, Mathias was not responsible for any fraudulent activity, and because there was a large and active market for Waste Management stock, Mathias could have exercised his option at the quoted market price on March 15, 1999.

Rather than supporting his argument that these issues may be resolved by this Court as matters of law without trial, Mathias's responses merely underscore the highly fact-intensive nature of these inquiries and the necessity of a trial on damages. On the issue of alleged credits which may operate to reduce Mathias's recovery under the 1992 contract, Mathias and Jacobs have marshaled credible evidence that the 1995 and 1997 option contracts were viewed as both covering new services to be performed and reducing Jacobs's past obligations, respectively. A fair resolution of the issue will require examining the circumstances surrounding all three option contracts, the intent of the parties and their outward manifestations at the time of entering into the contracts.

The valuation issues raised by the unenforceability of the non-contact provision and the fair market value of Waste Management stock similarly entail fact-specific analyses. In short, the parties have raised substantial and material issues of disputed fact which require a trial on damages. *See*

*Three Crown Ltd. Partnership v. Salomon Brothers, Inc.,* 906 F.Supp. 876, 882 n. 12 (S.D.N.Y.1995) ("In their brief, the Salomon Defendants raise questions regarding Plaintiffs' calculation of Category A damages. These questions, however, raise genuine issues of material fact which will have to be resolved at trial. The Salomon Defendants' arguments concern the sort of uncertainty in the calculation of damages towards which the language of *Bigelow v. RKO Radio Pictures,* 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652 (1946) ... was directed.").

The Court further observes that the nature and scope of the 1992, 1995 and 1997 option contracts were at the heart of discovery proceedings and that the proper valuation of Waste Management stock was the subject of Jacobs's expert discovery. Neither party, therefore, can claim prejudice or surprise as a result of the emergence of these post-discovery damages issues. Accordingly, to the extent that Jacobs seeks to amend his pleadings to conform with the damages issues requiring trial, the motion to amend the answer is granted. *See Tokio Marine and Fire Ins. Co. Ltd. v. Employers Ins. of Wausau,* 786 F.2d 101, 103 (2d Cir. 1986) (where an affirmative defense is "one of the objects of discovery and related closely to the original claim," the trial court erred in denying defendant's motion to amend the answer to assert those affirmative defenses) (quotations and citations omitted).

### ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the measure of damages in the present controversy shall be determined by trial on the merits; and it is further

**ORDERED** that Jacobs's motion to amend the answer is granted; and it is finally

**ORDERED** that the parties appear before the Court for a pre-trial conference on February 1, 2002 at 2:45 PM.

**SO ORDERED.**